LAYLI SHIRANI, ESQ. (SBN 257022)
Lshirani@cair.com
**COUNCIL ON AMERICAN-ISLAMIC RELATIONS-CA**
1122 Del Paso Blvd.
Sacramento, CA 95815
Tel. (916) 441-6269 | Fax (916) 441-6271
LENA F. MASRI, ESQ. (DC #1000019) *(pro hac forthcoming)*
    Lmasri@cair.com
GADEIR I. ABBAS, ESQ. (VA # 81161) *(pro hac forthcoming)* *
    Gabbas@cair.com
JUSTIN SADOWSKY (DC #977642) *(pro hac forthcoming)*
    Jsadowsky@cair.com
ZANAH GHALAWANJI (MI #P81136) *(pro hac forthcoming)* **
    Zghalawanji@cair.com
**CAIR NATIONAL LEGAL DEFENSE FUND**
453 New Jersey Ave., SE
Washington, DC 20003
Tel. (202) 742-6420 | Fax (202) 379-3317
* Licensed in VA, not D.C. Practice limited to federal matters.
** Licensed in MI only, not DC. Practice limited to federal matters.

Attorneys for Plaintiff,
Mahwish Choudhry

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MAHWISH CHOUDHRY**, <br>     Plaintiff, <br> v. <br> **TULARE COUNTY**; **SHERIFF MICHAEL BOUDREAUX**, Sheriff, Tulare County Sheriff's Office, in his official capacity, only; **OFFICER FNU PIMENTAL**, (Badge # 21249) California Highway Patrol, in his individual capacity, only; **OFFICER FNU CERVANTES** (Badge #19828), California Highway Patrol, in his individual capacity, only; and **DOE OFFICERS 1-10**, in their official capacities, only. <br>     Defendants. | Case No.: <br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiff **MAHWISH CHOUDHRY**, by and through her attorneys, Council on American-Islamic Relations – CA and CAIR National Legal Defense Fund, alleges as follows:

## COMPLAINT

Plaintiff **MAHWISH CHOUDHRY**, by and through her attorneys, CAIR Legal Defense Fund and CAIR-Sacramento Valley/Central California, brings this action for violations of California law, 42 U.S.C. § 1983, the First and Fourteenth Amendments to the United States Constitution and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, pursuant to 28 U.S.C. § 1331, and states as follows:

## INTRODUCTION

1. On July 31, 2020, after being stopped for speeding, Plaintiff was arrested. Defendants forcibly removed Ms. Choudhry's hijab, despite repeated pleas to keep her hijab on in accordance with her faith, photographed her, and left her without hijab for the entire duration of her detention at Tulare County Pre-Trial Booking Facility.

2. Defendants violated Tulare County Policy 1013.11: Religious Garments and Clothing, which states in relevant part: "Inmates wearing headscarves or other approved coverings shall not be required to remove them while in the presence of or while visible to the opposite sex, if they so desire."

3. The photograph of Ms. Choudhry without her hijab has since been made available to law enforcement agencies and may be requested via public records request.

4. With every passing day that her photograph remains available for men to view in violation of her sincerely-held religious beliefs, Ms. Choudhry suffers an ongoing harm that this action seeks to remedy.

## VENUE AND JURISDICTION

5. This action arises under 42 U.S.C. § 1983, the laws and Constitution of the United States, 42 U.S.C. § 2000cc *et seq.*, pursuant to 28 U.S.C § 1331, and the laws and Constitution of the State of California.

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 and, 42 U.S.C. § 2000cc-2(a), and directly under the Constitution.

7. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, 28 U.S.C. § 1343, by Rules 57 and 65 of the Federal Rules of Civil Procedure, by California Civil Code § 52.1, and by the general, legal, and equitable powers of this Court.

8. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a).

9. This Court has personal jurisdiction over Defendants because Defendants reside and/or conduct business in Tulare County, California.

10. Venue is proper under 28 U.S.C. § 1391 as to all Defendants because Defendants operate within the geographical boundaries of Tulare County, California and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

11. Plaintiff's federal claims for attorney's fees and costs are predicated upon 42. U.S.C. §§ 1988 and 2000cc-2(d), which authorize the award of attorneys' fees and costs to prevailing parties, pursuant to 42 U.S.C. § 1983 and RLUIPA.

12. Plaintiff's state claims for attorney's fees and costs are predicated upon California Civil Code § 52.1, which authorizes the award of attorney's fees and costs to prevailing parties.

## PARTIES

13. Plaintiff Mahwish Choudhry is a Muslim American and a resident of Stanislaus County, California.

14. Defendant Tulare County (also referred to as "the County") is a legal and political entity established under the laws of the State of California, with all of

the powers specified and necessarily implied by the Constitution and the laws of the State of California and exercised by various government agents and officers. Tulare County acts through Defendants and its agents and employees. At all relevant times, Defendant adopts policies and prescribes rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual officers, including those individual officers charged with operating and overseeing the search, seizure, detention, and arrests at the County's police facilities. Moreover, at all relevant times, Defendant executes policies, practices, and customs for Tulare County Sheriff's Department, including around the processing of detainees in its custody. Defendant is sued in its own right on the basis of its policies, customs, and practices which give rise to Plaintiff's claims.

15. Defendant Michael Boudreaux is the ultimate decisionmaker at Tulare County Sheriff's Department, a legal and political entity established and carrying on governmental functions in Tulare County, California. Further, Defendant has the authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment, and removal of its individual officers, including those officers charge with operating and overseeing the search, seizure, detention, and arrests at the County's correctional facilities, including Tulare County Jail where Ms. Choudhry was detained. Defendant Boudreaux's principal office is located at 833 S. Akers St., Visalia, California 93277. Defendant Boudreaux is being sued in his official capacity, only.

16. Defendant FNU Pimental (Badge # 21249) is a Police Officer with the CHP. Defendant Pimental is a citizen and resident of the State of California. Either Defendant Pimental or Defendant Cervantes removed Plaintiff's Ms. Choudhry's hijab while she was detained at Tulare County Jail. Defendant is being sued in his individual capacity, only.

17. Defendant FNU Cervantes (Badge #19828) is a Police Officer with the CHP. Defendant Cervantes is a citizen and resident of the State of California. Either

Defendant Cervantes or Defendant Pimental removed Plaintiff's Ms. Choudhry's hijab while she was detained at Tulare County Jail. Defendant is being sued in his individual capacity, only.

18. The true names of Doe Defendants 1-10 are presently unknown to Plaintiff, who therefore sues each of these defendants by such fictitious name. Upon ascertaining the true identity of a Doe defendant, Plaintiff will amend this complaint or seek leave to do so by inserting the true and correct name in lieu of the fictitious name. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that each Doe defendant herein is in some manner responsible for the injuries and damages alleged herein. Each individually named Doe defendant, like each individually named defendant, acted under color of law and within the scope of his or her agency and employment with Tulare County as a sheriff's deputy, sergeant, detective, captain, lieutenant, commander, supervisor, and/or civilian employee, and agent, policy maker and representative of Tulare County. Each Doe is sued in both his/her official and individual capacities.

## **EXHAUSTION**

19. On or around January 27, 2021, pursuant to Government Code § 910 and within the statutory period, Plaintiff presented to Defendant Tulare County a claim for damages arising from the July 31, 2020 violations of Plaintiff's rights.

20. Plaintiff's claim was received by the Clerk of the Board on January 29, 2021.

21. On February 23, 2021, Defendant Tulare County issued a response, denying Plaintiff's claim.

22. Because the County denied Plaintiff's claim, Plaintiff exhausted the administrative process. This action was timely filed pursuant to Government Code § 913 (b).

## **FACTUAL BACKGROUND**

23. Ms. Choudhry is a Muslim American woman who wears the hijab in

public pursuant to her sincerely held religious beliefs.[1] This hijab is a religious head covering worn by Muslim women. Additionally, Ms. Choudhry wears modest clothing that covers her body, with the exception of her face and hands. Wearing the hijab and modest clothing is integral to Ms. Choudhry's religious beliefs as a Muslim.

24. Ms. Choudhry wears the hijab at all times when she is in mixed-gendered spaces that include males outside of her immediate family. The wearing of the hijab is a deeply rooted tradition in Islam, and for Muslim women like Ms. Choudhry, it is a pillar of her religious practice and identity.

25. Appearing in public or being photographed without hijab is a serious breach of Ms. Choudhry's faith, and a deeply humiliating and defiling experience – particularly if those photographs are preserved and disseminated. Ms. Choudhry's California Driver's License– the chief form of identification used by residents of California – shows Ms. Choudhry with her hijab.

26. On July 31, 2020, Ms. Choudhry, along with her female friend and Ms. Choudhry's two young children (ages 9 and 11), set off from her home in Modesto to visit Sequoia National Park in order to celebrate *Eid ul Adha*– the "Feast of Sacrifice," one of the holiest days of the year for Muslims.

27. While traveling on Highway 99, due south, Ms. Choudhry's vehicle was pulled over by California Highway Patrol ("CHP") Officers Cervantes and Pimentel at approximately 1:00 a.m. on July 31, 2020. The reason given for the stop was speeding.

28. The officers asked Ms. Choudhry to step out of her vehicle. They did not permit her to retrieve her mask. Neither Officer Pimentel nor Officer Cervantes were wearing a mask or any protective equipment designed to prevent the

---

[1] A hijab is a headscarf worn by Muslim women that covers their head, hair and neck. It is worn while they are in public spaces and in the presence of males that are not members of their immediate family. It is an expression of modesty and a visible manifestation of their faith.

transmission of COVID-19.

29. During the arrest, Ms. Choudhry – who was in a state of shock at what was suddenly unfolding – did not resist. Still, one of the officers twisted her arm tightly as the other put handcuffs on her.

30. CHP detained Ms. Choudhry in the back of the patrol vehicle for at least 30 minutes before bringing her to the Tulare County Pre-Trial Booking Facility. Audio of the body camera footage reveals her to be crying/hyperventilating during the entire time, and at times the sound of Plaintiff's daughter weeping is also audible.

31. At the facility, a female officer (Doe Defendant #1) conducted a pat down search of Plaintiff in an area that was in view of the facility's public lobby. Doe Defendant #1 forcibly removed Ms. Choudhry's hijab without her consent and in the presence of males.

32. Ms. Choudhry requested that her hijab be put back on for "religious purposes," and Doe Defendant #1 complied.

33. Once Ms. Choudhry had been searched, one of the arresting officers (Pimentel or Cervantes)—again forcibly and without Ms. Choudhry's consent— yanked off her hijab, in violation of her sincerely-held religious beliefs.

34. Again, Ms. Choudhry asked if the male officer could "please put it back on, I cannot have it off because of my religion – there are men around here." The officer replied, in a rude tone: "We don't wear anything on our heads in jail." There were four male employees in the room at that time.

35. Ms. Choudhry was mortified. She felt stripped of her dignity and identity and degraded by being forced to appear without her hijab in public. For Ms. Choudhry, Defendants' decision to rip off her hijab inflicted a degrading indignity she will remember for the rest of her life.

36. Ms. Choudhry was sent to the small lobby area for her booking photograph. She informed the staff member (Doe Defendant #2) who was charged with taking the photo that she cannot be photographed without her hijab – or some

- 7 -
MAHWISH CHOUDHRY COMPLAINT

form of headscarf. Her plea was ignored. This area was in view of male staffers and members of the public.

37. Further, Ms. Choudhry informed the officer taking the booking photograph that her California Driver License– the chief form of identification used by residents of California – shows Ms. Choudhry with her hijab.

38. Despite her protests, the officer photographed Ms. Choudhry's booking photo without her hijab.

39. The booking photograph is made available in California statewide database and the Tulare County Sheriff's Department database and may be requested by anyone through a public records request.

40. After her booking photograph was taken, Ms. Choudhry was directed to sit in a chair in the lobby while the remaining paperwork was completed. She sat in a chair, without the ability to cover her head – in view of men – crying.

41. After some time an officer approached Ms. Choudhry and addressed her harshly saying "hey you!" while pointing toward a cell. Ms. Choudhry entered the cell and the officer locked her inside without providing her any information. Ms. Choudhry, who was wearing a hooded sweatshirt, had been told that she could not even pull the hood over her head.

42. At approximately 7:30 a.m. the cell was unlocked and Ms. Choudhry was directed to the counter where she was given a document to sign, promising to appear on a given date. She was permitted to call her friend to come and pick her up. When she sought to put on her hijab, however, she was told that "you can't put your head cover on until you're out of this building."

43. Defendants, by and through their agents, and in accordance with their policies and practices, photographed Ms. Choudhry without her hijab.

44. Defendants violated Ms. Choudhry's sincerely-held religious beliefs by forcibly removing her hijab and taking her booking photograph in front of officers and other individuals of the opposite gender.

45. Defendants' actions as described above were in violation of written Tulare County Sheriff Department's Office Policy 1013:11: Religious Garments and Clothing, which states, in relevant part, as follows: "Inmates who practice a religion that requires particular modes of dress, garments, headgear, etc., other than standard-issue clothing, should generally be accommodated subject to the need to identify inmates and maintain security. … Personal head coverings should be exchanged in favor of office-supplied head coverings when available and appropriate. **Inmates wearing headscarves or other approved coverings shall not be required to remove them while in the presence of or while visible to the opposite sex, if they so desire**." (emphasis added)

46. Defendant Doe Officers violated policy when they did not ascertain whether an office-supplied head covering was available, and when they did not provide Ms. Choudhry with an office-supplied head covering, despite knowing that she covered her hair in accordance with her sincerely-held religious beliefs.

47. Instead, Defendant Doe Officers, whose duty was to comply with Tulare County Sheriff Department's policies, violated policy when they refused to accommodate Ms. Choudhry and removed her hijab in the presence of the opposite sex. Plaintiff asserts that the Policy constitutes 'knowledge' on the part of the County that removing a headscarf in the presence of members of the opposite sex is an assault on her dignity, faith, and personhood in addition to being a violation of law.

48. At no time did male Defendant Doe Officers leave the room to ensure that they and other male officers were not present while Ms. Choudhry's hijab was removed, nor did the female officer conducting the pat down move Ms. Choudhry to an area where no men were present.

49. Defendants, by and through their agents, and in accordance with their policies and practices, uploaded these photographs to the California statewide database and the Tulare County Sheriff's Department database.

50. Ms. Choudhry's image without her hijab is also available to law

enforcement agencies.

## COUNT I

## 42 U.S.C. § 2000cc: Violation of the Religious Land Use and Institutionalized Persons Act

## (Against Tulare County and Tulare County Sheriff's Department only)

51. Plaintiff reincorporates and realleges the foregoing paragraphs, as though fully set forth herein.

52. RLUIPA provides, in pertinent part, that:

> "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person- (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a)(1)-(2).

53. Plaintiff is a "person" as defined under the RLUIPA and, at all relevant times, was confined to an institution when the events transpired.

54. Plaintiff wears the hijab in accordance with her sincerely held religious beliefs.

55. At all relevant times, Defendants were covered under the term "Government" as defined under the RLUIPA. *See* 42 U.S.C. § 2000cc- 5(4)(A)(i)-(iii).

56. At all relevant times, Defendant, where the events that are the subject of this Complaint occurred, is a federally funded "institution," as defined under RLUIPA. 42 U.S.C. § 2000cc-1(a).

57. Defendants' acts or omissions, policies, and customs while Plaintiff

was in Defendants' custody substantially burdened her religious exercise that requires her to wear the hijab and cover her arms in mixed-gendered spaces.

58. Defendants' acts or omissions, policies, and customs, do not further a compelling government interest in identifying arrestees. A photograph of a person's face sufficiently identifies arrestees. For example, the U.S. Department of State permits individuals to wear religious head coverings when taking their passport photographs, so long as their face remains visible for identification purposes.

59. In addition, other police departments across the country—including the New York Police Department—allow Muslim women to wear the hijab while being photographed.

60. Defendants' acts or omissions, policies, and customs, are not the least restrictive means of furthering a compelling government interest.

61. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained damages and has suffered, and continues to suffer, mental anguish, physical and emotional distress, humiliation, and embarrassment.

62. Plaintiff respectfully requests this Court to enter a judgment in favor of Plaintiff, and against Defendants, for damages in whatever amount Plaintiff is found to be entitled; preliminary injunctive relief followed by a permanent injunction; declaratory judgment; costs and attorneys' fees wrongfully incurred to bring this action; and any other damages, including punitive damages as provided by applicable law.

## COUNT II

**42 U.S.C. § 1983: Violation of the First Amendment's Free Exercise Clause**
**(Against All Defendants)**

63. Plaintiff incorporates by reference the above paragraphs and allegations as though fully set forth herein.

64. At all relevant times, Plaintiff was in the custody of Defendants and was detained by Defendants. At all relevant times Plaintiff was under the direct

supervision and control of Defendants.

65. 42 U.S.C. §1983 provides in part that "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"

66. Under the First Amendment, Plaintiff has the right to freely exercise her religion.

67. Defendants, at all relevant times herein, were acting under color of state law.

68. Defendants' removal of Plaintiff's hijab interfered with and burdened her religious beliefs.

69. Defendants' removal of Plaintiff's hijab punished Plaintiff for her religious beliefs.

70. Defendants' removal of Plaintiff's hijab targeted her religious beliefs, or, at minimum, treated her religious beliefs less favorably than other, non-religious grounds.

71. Defendants' acts or omissions, policies, and customs, do not further any compelling government interest.

72. Even if Defendants' acts or omissions, policies, and customs did further any compelling government interest, they are not narrowly tailored in support of that compelling government interest as they are not the least restrictive means of furthering a compelling government interest.

73. Defendants deprived Plaintiff of her right to freely exercise her religion by depriving her of her hijab while she was in Defendants' custody. Defendants stripped Plaintiff of her hijab and photographed her, even though photographing her

- 12 -
MAHWISH CHOUDHRY COMPLAINT

without hijab did not further Defendants' interests in creating records by which Plaintiff could later be identified.

74. As a direct and proximate result of Defendants' violation of 42 U.S.C. § 1983, Plaintiff has sustained damages, and has suffered and continues to suffer mental anguish, physical and emotional distress, humiliation, and embarrassment.

75. Plaintiff respectfully requests this Honorable Court to enter a judgment in favor of Plaintiff, and against Defendants, for damages in whatever amount Plaintiff is found to be entitled; preliminary injunctive relief followed by a permanent injunction; declaratory judgment; costs and attorneys' fees wrongfully incurred to bring this action; and any other damages, including punitive damages as provided by applicable law.

## COUNT III

### Violation of Article 1, Section 4 of the California Constitution

### (Against All Defendants)

76. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

77. Article I, Section 4 of the California Constitution provides: "Free exercise and enjoyment of religion without discrimination or preference are guaranteed."

78. By their actions described above, including by removing Plaintiff's hijab and by prohibiting Plaintiff from covering her head with either her hijab or an equivalent subsequent to searching that article of clothing and underneath it, Defendants denied Plaintiff the right to the free exercise of religion and to the free exercise of her religion without discrimination, as guaranteed by Article I, Section 4 of the California Constitution.

79. As a direct and proximate result of Defendants' violation of the California Constitution, Plaintiff has sustained damages, and has suffered and continues to suffer mental anguish, physical and emotional distress, humiliation, and

- 13 -
MAHWISH CHOUDHRY COMPLAINT

embarrassment.

80. Plaintiff respectfully requests this Court to enter a judgment in favor of Plaintiff, and against Defendants, for damages in whatever amount Plaintiff is found to be entitled; preliminary injunctive relief followed by a permanent injunction; declaratory judgment; costs and attorneys' fees wrongfully incurred to bring this action; and any other damages, including punitive damages as provided by applicable law.

## COUNT IV
### Cal. Civil Code § 52.1: Tom Bane Act.
### (Against All Defendants)

81. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein. California's Tom Bane Act, California Civil Code § 52.1, provides a civil action for damages to a person whose enjoyment of any rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state, was interfered with by a person who, whether or not acting under color of state law, interferes with those rights by threats, intimidation, or coercion.

82. Under the Tom Bane Act, any individual may prosecute in her own name and on her own behalf a civil action for damages, injunctive relief, civil penalties and attorneys' fees.

83. Claims under this Act may be raised against public officials, including police officers. This is true even in cases where a police officer had probable cause to make an arrest. The Tom Bane Act does not require any showing of actual intent to discriminate.

84. For the reasons explained in Count II above, Defendants' actions violated the United States Constitution.

85. For the same reasons, Defendants' actions violated Article I (Declaration of Rights), Section 4, of the California Constitution.

86. As a direct and proximate result of Defendants' violation of the California and Federal Constitutions, Plaintiff has sustained damages, and has suffered and continues to suffer mental anguish, physical and emotional distress, humiliation, and embarrassment.

87. Plaintiff respectfully requests this Honorable Court to enter a judgment in favor of Plaintiff, and against Defendants, for damages, injunctive relief, civil penalties and attorneys' fees.

## COUNT V

### California Civil Code §§ 51.7, 52(b): California's Ralph Civil Rights Act
### (Against All Defendants)

88. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

89. California's Ralph Civil Rights Act, California Civil Code §§ 51.7, 52(b), provides a civil action for damages. It provides that all individuals within the jurisdiction of the state of California have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property on account of protected characteristics such as religion. The Act provides civil remedies including actual damages, punitive damages, civil penalties, and attorney's fees.

90. Defendant battered, assaulted, and threatened Plaintiff in violation of the Ralph Civil Rights Act by forcibly removing her hijab without her consent. It was not immediately replaced, despite her pleas and explanation to Defendants regarding its religious significance. Plaintiff was forced to remain without an article of clothing her faith requires her to wear without reason and not in furtherance of any law enforcement interest.

91. Defendants caused Plaintiff to be exposed to violence, or intimidation by threat of violence, committed against her person and in violation of her right to free exercise of religion.

92. This conduct violated California's Ralph Civil Rights Act, causing

Plaintiff severe emotional and mental distress, anguish, suffering, pain, and humiliation.

93. Plaintiff respectfully requests this Court to enter a judgment in favor of Plaintiff, and against Defendants, for actual damages, punitive damages, civil penalties, and attorney's fees.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this Court enter judgement in favor of Plaintiff and against Defendants, on each and every count in this Complaint, and enter an Order awarding, but not limited to, the following relief:

1. A declaratory judgement that Defendants' forcible removal of Plaintiff's hijab and their photographing of Plaintiff without hijab violated the United States and California Constitutions, the Religious Land Use and Institutionalized Persons Act, and California law.
2. An injunction requiring the following:
   a. Defendants Tulare County and Tulare County Sheriff's Department to implement and/or comply with policies (1) prohibiting the forcible removal of hijabs when in the presence of males;
   b. Prohibiting Defendants from taking booking photographs of Muslim women without their hijab;
   c. Ordering Defendants to destroy Plaintiff's booking photographs taken without her hijab;
   d. Ordering Defendants to take every step, including, but not limited to, instructing other persons or agencies given access to Plaintiff's booking photographs to destroy all copies of Plaintiff's booking photographs;
3. An award of compensatory and punitive damages under 42 U.S.C. § 1983, California Civil Code § 52.1, California Civil Code § 51.7,

California Civil Code § 52 and RLUIPA;

4. An award of civil penalties under California Civil Code § 52.1, California Civil Code § 51.7, and California Civil Code § 52;

5. Nominal damages;

6. An award of attorneys' fees, costs and expenses predicated upon 42 U.S.C. §§ 1988 and 2000cc-2(d), which authorize the award of attorneys' fees and costs to prevailing parties, pursuant to 42 U.S.C. § 1983 and RLUIPA; and

7. Any further relief to which Plaintiff is entitled or that this Honorable Court deems just and proper.

DATED: August 23, 2021

**COUNCIL ON AMERICAN-ISLAMIC RELATIONS-CA (CAIR-CA)**
By: */s/ Layli Shirani*

LAYLI SHIRANI, ESQ (CA # 257022)
Lshirani@cair.com
Attorney for Plaintiff,
MAHWISH CHOUDHRY

**CAIR NATIONAL LEGAL DEFENSE FUND**

By: /s/ Lena F. Masri
LENA F. MASRI, ESQ. (DC # 1000019) (*pro hac* forthcoming)
lmasri@cair.com
GADEIR I. ABBAS, ESQ. (VA # 81161) (*pro hac forthcoming*) *
gabbas@cair.com
JUSTIN SADOWSKY (DC #977642) (pro hac forthcoming)
Jsadowsky@cair.com
ZANAH GHALAWANJI (MI #P81136) (pro hac forthcoming) **
Zghalawanji@cair.com
Attorneys for Plaintiff
MAHWISH CHOUDHRY

# JURY DEMAND

Plaintiff Nusaiba Mubarak hereby demands trial by jury on all above-referenced causes of action so triable.

DATED: August 23, 2021

**COUNCIL ON AMERICAN-ISLAMIC RELATIONS-CA (CAIR-CA)**
By: /s/ *Layli Shirani*

LAYLI SHIRANI, ESQ (CA # 257022)
Lshirani@cair.com
Attorney for Plaintiff,
MAHWISH CHOUDHRY

**CAIR NATIONAL LEGAL DEFENSE FUND**

By: /s/ *Lena F. Masri*
LENA F. MASRI, ESQ. (DC # 1000019)
(*pro hac* forthcoming)
lmasri@cair.com
GADEIR I. ABBAS, ESQ. (VA # 81161) (*pro hac forthcoming)* *
gabbas@cair.com
JUSTIN SADOWSKY (DC #977642) (pro hac forthcoming)
Jsadowsky@cair.com
ZANAH GHALAWANJI (MI #P81136) (pro hac forthcoming) **
Zghalawanji@cair.com
Attorneys for Plaintiff
MAHWISH CHOUDHRY