1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  MAHWISH CHOUDHRY, | Case No. 1:21-cv-01287-AWI-SAB |
| 12       Plaintiff, | ORDER GRANTING MOTION TO EXTEND TIME TO EFFECTUATE RULE 210 SERVICE OF PROCESS AND RETURN OF SERVICE |
| 13    v. | |
| 14  TULARE COUNTY, et al., | ORDER DENYING MOTION FOR LIMITED DISCOVERY FOR PURPOSES OF EFFECTING SERVICE |
| 15       Defendants. | |
| 16 | ORDER CONTINUING SCHEDULING CONFERENCE |
| 17 | (ECF Nos. 5, 20, 21) |

18

19         Plaintiff Mahwish Chourhry, proceeding with counsel, initiated this action on August 23,

20   2021, against Defendants Tulare County, Michael Boudreaux (in his official capacity as Sheriff for

21   the Tulare County Sheriff's Office), and California Highway Patrol Officers Pimental and

22   Cervantes.  (ECF No. 1.)  Plaintiff served Tulare County and Boudreaux on November 12, 2021.

23   (ECF Nos. 18, 19.)  The County and Boudreaux's answers are due by December 3, 2021.  On

24   November 19, 2021, Plaintiff concurrently filed a motion to extend time to effectuate service of

25   process and a motion for limited discovery for purposes of effecting service.  (ECF Nos. 20, 21.)

26   An initial scheduling conference for this matter is currently set for December 7, 2021.  (ECF No.

27   5.)  For the reasons set forth herein, the Court shall grant Plaintiff's request for an extension of

28   time and deny Plaintiff's motion for limited discovery without prejudice.  In light of this ruling, the

1   Court will additionally continue the scheduling conference to February 3, 2022.

2   **I.**

3   **MOTION TO EXTEND TIME TO EFFECTUATE RULE 210 SERVICE**

4   Plaintiff submits an initial ex parte request pursuant to Local Rule 144(c), seeking an

5   extension of time, through January 18, 2022, to effectuate service on Officers Pimental and

6   Cervantes as required under Federal Rules of Civil Procedure 4(m) and 5, and Local Rule 135(d).

7   (ECF No. 20.)

8   Local Rule 144(c) provides that

9   > The Court may, in its discretion, grant an initial extension ex parte
10  > upon the affidavit of counsel that a stipulation extending time cannot
    > reasonably be obtained, explaining the reasons why such a
11  > stipulation cannot be obtained and the reasons why the extension is
    > necessary. Except for one such initial extension, ex parte applications
12  > for extension of time are not ordinarily granted.

13  E.D. Cal. L.R. 144(c).  Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not

14  served within 90 days after the complaint is filed, the court — on motion or on its own after notice

15  to the plaintiff — must dismiss the action without prejudice against that defendant or order that

16  service be made within a specified time.  But if the plaintiff shows good cause for the failure, the

17  court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

18  Here, it appears Plaintiff's entire ex parte request was submitted in the form of a declaration

19  from counsel, thus meeting the threshold requirement under Local Rule 144(c).  (See generally

20  ECF No. 20.)  Further, the Court is satisfied that good cause has been established for the submission

21  of an ex parte application and an extension of time to effect service on the remaining unserved

22  defendants for the reasons that follow.

23  As proffered in the declaration of counsel, while Defendants Tulare County and Boudreaux

24  have been served, the attorney(s) for Defendants have not yet appeared in this action and Plaintiff

25  was unable to reach a stipulated agreement to extend time for service.  (Id. at ¶ 3.)  The Court finds

26  this explanation is sufficient to justify the filing of an ex parte application at this stage of the

27  litigation.  E.D. Cal. L.R. 144(c).

28  Counsel further avers that, despite diligent efforts to locate and serve Defendants Pimental

1    and Cervantes — including engaging professional skip-tracing and process servers — Plaintiff has

2    not yet been able to obtain contact information which would enable her to timely serve the

3    remaining Defendants.  (ECF No. 20 ¶ 3.)  The Court finds this explanation sufficiently establishes

4    good cause exists to extend the service deadline as to these two Defendants.  Fed. R. Civ. P. 4(m).

5         The Court additionally notes Plaintiff's requested extension is accompanied by a motion for

6    limited discovery to ascertain the contact information for the remaining unserved Defendants.  As

7    detailed further below, the Court expresses skepticism as to whether Defendants Tulare County or

8    Boudreaux would possess the contact information Plaintiff seeks with respect to the remaining

9    unserved Defendants.  Nevertheless, because Plaintiff may possibly obtain the information she

10   seeks through further investigative efforts, or from defense counsel once Tulare County and

11   Boudreaux have appeared in this action, the Court deems it appropriate to grant Plaintiff's request

12   for an extension of time to serve Defendants Pimental and Cervantes at this time.  In light of this

13   extension, the Court will also continue the scheduling conference currently set for December 7,

14   2021.

15                                                         **II.**

16        **MOTION FOR LIMITED DISCOVERY FOR PURPOSES OF EFFECTING SERVICE**

17        Concurrently with her ex parte application for an extension of time to effect service,

18   Plaintiff moves for an order permitting limited discovery for purposes of effectuating Rule 4(m)

19   service against Defendants Pimental and Cervantes in their individual capacities.  (ECF No. 21.)

20   However, as previously noted, the Court is skeptical as to whether Defendants Tulare County or

21   Boudreaux, as Sheriff for the Tulare County Sheriff's Office, have knowledge of the contact

22   information Plaintiff seeks with respect to Defendants Pimental and Cervantes, as they are not

23   employees of Tulare County but officers with the California Highway Patrol.  Furthermore, the

24   Court finds Plaintiffs' request is premature in light of the fact that neither Tulare County nor

25   Boudreaux have appeared or appear to be represented in this matter.  Indeed, Defendants' answers

26   to the complaint are not due until December 3, 2021.  Accordingly, the Court declines to grant

27   Plaintiff's request for limited discovery at this time.  Nevertheless, the denial of Plaintiff's motion

28   shall be without prejudice to Plaintiff filing a renewed motion once Defendants Tulare County and

1    Boudreaux have appeared in this matter through their attorneys and based upon a good faith

2    showing that these Defendants have access to the information Plaintiff seeks.

3                                                    **III.**

4                                               **CONCLUSION**

5          For the foregoing reasons, IT IS HEREBY ORDERED that:

6          1.     Plaintiff's ex parte request for an extension of time to serve Defendants Pimental

7                 and Cervantes (ECF No. 20) is GRANTED.  The time within which Plaintiff may

8                 serve summons on Defendants Pimental and Cervantes is hereby extended to

9                 **January 18, 2022**;

10         2.     Plaintiff's motion for limited discovery (ECF No. 21) is DENIED without prejudice

11                to renewal upon proper showing of good cause once Defendants Tulare County or

12                Boudreaux have appeared in this action;

13         3.     The scheduling conference set for December 7, 2021, is CONTINUED to **February**

14                **3, 2022, at 9:30 a.m. in Courtroom 9**; and

15         4.     The parties shall file a joint scheduling report **seven (7) days** prior to the scheduling

16                conference.

17

18    IT IS SO ORDERED.

19    Dated:    **November 24, 2021**                    _____

20                                                       UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

                                                        4