# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHWISH CHOUDHRY,<br><br>    Plaintiff,<br><br>v.<br><br>TULARE COUNTY, et al.,<br><br>    Defendants. | Case No. 1:21-cv-01287-AWI-SAB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME TO EFFECTUATE RULE 210 SERVICE OF PROCESS AND RETURN OF SERVICE AND MOTION FOR LIMITED DISCOVERY FOR PURPOSES OF EFFECTING SERVICE<br><br>ORDER CONTINUING SCHEDULING CONFERENCE<br><br>(ECF Nos. 22, 25) |

Plaintiff Mahwish Choudhry initiated this action against Defendants Tulare County, Michael Boudeaux, and Officers Pimental and Cervantes on August 23, 2021. (ECF No. 1.) Defendants Boudeaux and Tulare County answered the complaint on December 2, 2021. (ECF No. 23.) The initial scheduling conference is currently set for February 3, 2022. (See ECF No. 22.) Currently before the Court is Plaintiff's renewed motion for limited discovery and concurrent request for an extension of time to effect service on Defendants Cervantes and Pimental, filed on December 9, 2021. (ECF No. 25.) A hearing on the motion was held on December 15, 2021. (ECF No. 27.) Counsel Gadeir Abbas, Kimberly Noe-Lehenbauer, and Layli Shirani appeared by videoconference for Plaintiff. Counsel Judith Chapman appeared by videoconference for Defendants Tulare County and Michael Bordeaux. Having considered the

1

moving papers, the arguments presented at the December 15, 2021 hearing, as well as the Court's file, the Court shall grant Plaintiff's motion. The Court will additionally continue the scheduling conference to April 12, 2022.

**I.**

**MOTION TO EXTEND TIME TO EFFECTUATE RULE 210 SERVICE**

Local Rule 144(c) provides that

> The Court may, in its discretion, grant an initial extension ex parte upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary. Except for one such initial extension, ex parte applications for extension of time are not ordinarily granted.

E.D. Cal. L.R. 144(c). Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

The Court notes Plaintiff did not submit a separate motion to extend time to effectuate service, as plaintiff previously did on November 19, 2021 (see ECF No. 20), but simply includes her request to extend time for service in the introduction of her discovery motion. Nonetheless, for the same reasons previously articulated by the Court (see ECF No. 22) and for the reasons discussed in the order granting Plaintiff's motion for limited discovery below, good cause exists to extend the time to effectuate service on Officers Pimental and Cervantes as required under Federal Rules of Civil Procedure 4(m) and 5, and Local Rule 135(d). In light of this extension, the Court will also continue the scheduling conference currently set for February 3, 2022.

**II.**

**MOTION FOR LIMITED DISCOVERY FOR PURPOSES OF EFFECTING SERVICE**

Plaintiff seeks an order permitting limited discovery for purposes of effectuating Rule 4(m) service against Defendant California Highway Patrol (CHP) Officers Pimental and Cervantes in their individual capacities, on the basis that Plaintiff was unable to ascertain

1  sufficient information through professional skip-tracing and process servers to effect such service.
2  (ECF No. 25.)

3  Local Rule 251 governs all motions dealing with discovery matters. As set forth under
4  Local Rule 251, any discovery motion must set the hearing on the motion at least twenty-one days
5  from the date of filing and service, the parties are required to file a Joint Statement Re: Discovery
6  Disagreement at least seven days prior to the hearing, and the parties must meet and confer in
7  order to attempt to informally resolve their differences prior to the hearing. E.D. Cal. L.R.
8  251(a)–(c).

9  As an initial matter, the Court notes that Plaintiff's renewed motion for discovery is
10  merely a refiling of the motion for discovery previously submitted on November 19, 2021, as the
11  filings are identical.[1] (Compare ECF No. 21 with ECF No. 25.) Consequently, the same pleading
12  deficiencies inherent in Plaintiff's prior filing appear in her current motion. Namely, Plaintiff did
13  not set the motion for hearing or file an ex parte application shortening the time to hear the
14  motion. See E.D. Cal. L.R. 251(a). Nor has Plaintiff demonstrated compliance with the
15  requirement to meet and confer prior to the hearing, or to file a joint statement regarding the
16  discovery disagreement. See E.D. Cal. L.R. 251(b)–(c). On these grounds alone, the motion
17  could be denied. See E.D. Cal. L.R. 251(d) ("Refusal of any counsel to participate in a discovery
18  conference, or refusal without good cause to execute the required joint statement, shall be
19  grounds, in the discretion of the Court, for entry of an order adverse to the party represented by
20  counsel so refusing or adverse to counsel."). To that point, counsel is reminded that, even if they
21  have been granted leave to appear in this District *pro hac vice*, they nevertheless must have a
22  proficient understanding of the Local Rules of this District and standing orders of this Court and
23  must comply with those orders at all times.

24  The motion also appears substantively deficient, as Plaintiff does not specifically identify
25  to the Court what relief she seeks. For example, the motion does not address the issue of whether

---

[1] The Court notes the recent motion even reasserts the now inaccurate statement that counsel for Defendants Tulare County and Bourdreax "have not entered an appearance in this action, and therefore may not be reached." At the hearing on the motion, Plaintiff's counsel acknowledged this statement was no longer accurate and that he has, in fact, communicated with defense counsel with respect to this case.

3

1  Plaintiff seeks to conduct limited party discovery, whether she seeks to advance the scheduling
2  conference in order to open full discovery, or whether she seeks an order permitting service of
3  third-party subpoenas on the CHP pursuant to Federal Rule of Civil Procedure 45.  See Fed. R.
4  Civ. P. 45.

5        Nonetheless, the Court finds the substantive ambiguities of the motion were adequately
6  clarified and addressed at the hearing on the motion.  At the hearing, Plaintiff indicated she seeks
7  only to conduct limited discovery from Defendants County and Bourdreax in order to obtain
8  sufficient identifying information regarding the two unserved CHP Defendants so at to effectuate
9  service on them.  Plaintiff suggests this purpose might be achieved if she is able to discovery as
10 little as the Defendants' first names and/or current addresses.  The appearing Defendants
11 indicated they do not object to the completion of this limited area of discovery prior to the
12 anticipated scheduling conference.  Accordingly, the Court finds good cause exists to grant
13 Plaintiff's motion for this limited purpose.

## III.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for limited discovery (ECF No. 25) is GRANTED as follows: Plaintiff may propound discovery requests to Defendant County and Bourdreax that are limited in scope to **identification only** of the remaining unserved CHP Defendants Pimental and Cervantes.  Plaintiff's requests shall comply with the Federal Rules of Civil Procedure and Local Rules.  This limited discovery shall be fully completed no later than **February 14, 2022**.  Should any disputes regarding this discovery arise, the parties may seek to resolve the matter through an informal discovery dispute hearing, as set forth in this Court's standing orders as provided on the Eastern District Court website;

2. Plaintiff's request for an extension of time to serve Defendants Pimental and Cervantes (ECF No. 25) is GRANTED.  The time within which Plaintiff may serve summons on Defendants Pimental and Cervantes is hereby extended to

**February 28, 2022**;

3. The scheduling conference set for February 3, 2022, is CONTINUED to **April 12, 2022, at 10:00 a.m. in Courtroom 9**; and

4. The parties shall file a joint scheduling report **seven (7) days** prior to the scheduling conference.

IT IS SO ORDERED.

Dated:   **December 15, 2021**

UNITED STATES MAGISTRATE JUDGE