UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHWISH CHOUDHRY,<br><br>Plaintiffs<br><br>v.<br><br>TULARE COUNTY, et al.,<br><br>Defendants | CASE NO. 1:21-CV-1287 AWI SAB<br><br>**ORDER VACATING APRIL 27, 2022 HEARING AND ORDER ON DEFENDANTS' MOTION TO DISMISS**<br><br>(Doc. No. 34) |

This is a religious civil rights case that stems from the detention of Plaintiff Mahwish Choudhry by members of the California Highway Patrol ("CHP") and Tulare County Sheriff's Department. Currently before the Court is a Rule 12(b)(6) motion to dismiss by Defendant CHP Officers. Hearing on this motion is set for April 27, 2022.

*Background*

On August 23, 2021, Plaintiff filed her complaint for damages.

On March 30, 2022, the Defendant CHP Officers filed a Rule 12(b)(6) motion to dismiss.

On April 13, 2022, Plaintiff filed her First Amended Complaint ("FAC").

*Discussion*

Under Rule 15(a)(1)(B), "A party may amend its pleading once as a matter of course: . . . (B) if the pleading is one to which a responsive pleading is required . . . 21 days after service of a motion under Rule 12(b), (e), or (f) . . . ." This rule confers upon a party a right to amend, the only limitations being those found within Rule 15(a)(1) itself. Ramirez v. County of San Bernardino, 806 F.3d 1002, 1007-08 (9th Cir. 2015). Some courts have used the term "absolute right" in describing a party's ability to amend under Rule 15(a)(1). E.g. In re Alfes, 709 F.3d 631,

639 (6th Cir. 2013); Galustian v. Peter, 591 F.3d 724, 730 (4th Cir. 2010); James Hurson Assocs., Inc. v. Glickman, 229 F.3d 277, 282-83 (D.C. Cir. 2000).  "[A]n amended complaint supersedes the original, the latter being treated thereafter as non-existent" and as no longer performing any function in the case.  Ramirez, 806 F.3d at 1008; see also Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1989).

   Here, Plaintiff filed her FAC within twenty-one days from the date Defendants filed their Rule 12(b)(6) motion.  Therefore, the FAC was timely under Rule 15(a)(1)(B).  Because the FAC was timely filed, the FAC is the operative complaint, and the original complaint is now non-existent and performs no function in this case.  See id.  Because Defendants' Rule 12(b)(6) motion is attacking a now non-existent complaint, the Rule 12(b)(6) motion is moot.  See Ramirez, 806 F.3d at 1008; Hal Roach Studios, 896 F.2d at 1546.

**ORDER**

   Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Rule 12(b)(6) motion to dismiss (Doc. No. 34) is DENIED as moot; and
2. The April 27, 2022, hearing on Defendants' now moot Rule 12(b)(6) motion is VACATED.

IT IS SO ORDERED.

Dated:   April 14, 2022                                 _____
                                                                          SENIOR DISTRICT JUDGE