# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHWISH CHOUDHRY,<br><br>Plaintiffs,<br><br>v.<br><br>TULARE COUNTY, et al.,<br><br>Defendants. | Case No. 1:21-cv-01287-JLT-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DEEM PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TIMELY FILED<br><br>(ECF Nos. 67, 68, 69) |

**I.**

**INTRODUCTION**

Dispositive motions were due in this matter on December 15, 2023. (ECF No. 57.) Defendants timely filed motions for summary judgment. (ECF Nos. 16, 17.) On December 20, 2023, Plaintiff filed a motion for summary judgment. (ECF No. 66.) On the same date, Plaintiff filed a motion to accept Plaintiff's motion for summary judgment as timely filed (the "Motion"). (ECF No. 67.) The motion was not set for hearing before a judge; however, the caption does indicate the Motion was directed at the assigned Magistrate Judge. (Id. at 1.)

On December 21, 2023, the Court ordered Defendants to file a statement of opposition or non-opposition to the Motion. (ECF No. 68.) On the same date, Defendants filed an opposition. For the reasons explained below, the Plaintiff's Motion shall be denied.

1

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

The "good cause" standard "primarily considers the diligence of the party seeking the amendment," and the Court "may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (internal citation and quotations omitted). The prejudice to parties opposing modification of the scheduling order, if any, may be grounds for denying the motion, but the focus is on the moving party's reason for seeking the modification. Id.

If the party seeking to amend the scheduling order fails to show due diligence, the inquiry should end, and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Johnson, 975 F.2d at 609). "Relevant inquiries [into diligence] include: whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent." United States ex rel. Terry v. Wasatch Advantage Grp., LLC, 327 F.R.D. 395, 404 (E.D. Cal. 2018) (internal quotation marks and citation omitted) (alteration in original). However, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609 (compiling cases). Thus, if the party seeking the modification "was not diligent, the inquiry should end." Id.

Federal Rule of Civil Procedure 6 provides that when an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

## III.

## DISCUSSION

First, the Court finds Plaintiff's Motion is procedurally defective.  Although the motion cites Local Rule 134(c)(3) as a justification for the delay, the motion is not expressly brought pursuant to any Local Rule or Federal Rule of Procedure, such as the Local Rule for administrative relief, or a noticed motion made, for example, pursuant to Federal Rule of Civil Procedure 6 or 16.  Plaintiff did not meet the express requirements for the filing of a motion for administrative relief.  (See L.R. 233(a) (providing, among other requirements, that a "motion for administrative relief . . . must be labeled as a motion for administrative relief . . . must be accompanied by a proposed order . . . must include a statement setting forth the position of all parties affected by the motion, or a statement explaining why such position could not be ascertained.").  Nor is the motion made pursuant to other Local Rules pertaining to civil motions and ex parte applications.  See L.R. 144, 230.

Even if not procedurally defective, the Motion contains no proper basis for the granting of any relief.  The Court considers the only law cited as a basis for relief in the Motion, Local Rule 134(c)(3).  The Local Rule only provides that:

> **Failure at the Sender.** Problems on the filer's end, such as phone line problems, problems with the filer's Internet Service Provider (ISP), or hardware or software problems, will not constitute a technical failure under these procedures nor excuse an untimely filing. A filer subject to mandatory electronic filing who cannot directly file a document electronically because of a technical problem on the filer's end must file the document electronically from another computer or in portable electronic format at the Clerk's Office. If electronic filing is not possible in any form, the party may file a paper document, shall annotate on the cover page that electronic filing was not possible because of technical reasons, and shall file electronically as soon as possible.

L.R. 134(c)(3).

Plaintiff's motion explains that the "Plaintiff's Motion was due on December 15, 2023[;] Plaintiff met and conferred with counsel by email and telephone before the original deadline, and pursuant to Local Rule 134(c)(3), immediately served her brief to County counsel after discovering she could not file on time." (ECF No. 67 at 1.)  The filing indicates that: "County counsel received

3

1 advance notice of Plaintiff's intention to file, and service of Plaintiff's brief by 1:00 a.m. on
2 Saturday, December 16 [and] Plaintiff has since served County counsel with the full motion and all
3 supporting documents." (Id.)  It is not clear from the filing why the motion was not filed on the
4 docket electronically until December 20, 2023.  Further, the motion only indicates that "Plaintiff's
5 counsel sought consent on this Motion, but County counsel did not give it." (Id.)

6       Even if the motion was not procedurally defective and the Court considers, for example,
7 Rule 6 and Rule 16, the Court finds Plaintiff has not demonstrated diligence to establish good
8 cause to modify the scheduling order, nor excusable neglect, for the reasons now explained.  See
9 Johnson, 975 F.2d at 609; Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership
10 (Pioneer), 507 U.S. 380, 395 (1993) (In determining if excusable neglect justifies extending a
11 court deadline, the Court is to consider four factors: 1) the danger of prejudice; 2) the length of
12 the delay and its potential impact on the proceedings; 3) the reason for the delay, including
13 whether it was in the reasonable control of the party; and 4) whether the party acted in good
14 faith.).[1]

15       As the Court noted in its previous order, and as Defendants emphasize in the opposition,
16 Local Rule 134(c)(3) expressly states "Problems on the filer's end, such as phone line problems,
17 problems with the filer's Internet Service Provider (ISP), or hardware or software problems, will
18 not constitute a technical failure under these procedures nor excuse an untimely filing."
19 Significantly, as Defendants note, while Plaintiff's principal excuse for the late filing is that they
20 were unaware they could not file in the CM/ECF system, on June 21, 2022, Plaintiff was directed
21 by the Court at the time the pro hac vice application was granted, to request filing access through
22 PACER.  (See ECF No. 48.)

23       In the opposition, Defendants proffer that Plaintiff additionally failed to file and serve the
24 motion promptly as required under Local Rule 134, as the motion was not filed on the docket

---

[1] While Pioneer involved bankruptcy proceedings, the Ninth Circuit has utilized this test in a variety of circumstances for the excusable neglect standard.  See United States v. Foster, 178 F.3d 1301 (9th Cir. 1999) (extension of time for Rule 4(b)(4) criminal appeal); Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1261 (9th Cir. 2010) (Rule 60(b)); Iopa v. Saltchuk-Young Bros., Ltd., 916 F.3d 1298, 1301 (9th Cir. 2019) (noting that "[w]e and our sister circuits have adopted the Supreme Court's four-factor test" in a variety of contexts, and upholding ALJ's use in an a regulatory context).

1  until December 20, 2023.

2  Further while Plaintiff suggests there is no prejudice to Defendants, Defendants respond that they are entitled to move forward with defense of this action and rely on deadlines. In this regard, as to reason for delay, prejudice, and good faith, the Court finds it significant that Defendants proffer that while Plaintiff was required to meet and confer prior to filing the motion for summary judgment to discuss whether issues can be resolved without briefing, and to arrive at a joint statement of undisputed facts, and certify such meet and confer, (ECF No. 50), Defendants suggest Plaintiff's statements regarding meet and confer are misleading or false, as while the parties met and conferred regarding Defendants' motion for summary judgment, they did not confer specifically as to the Plaintiff's motion aside from Plaintiff's counsel mentioning they intended to file such motion when meeting and conferring regarding Defendants' motion. Thereafter, Defendants' counsel did not hear anything from Plaintiff regarding the motion or proposed joint statement of undisputed facts until after the close of business on December 15, 2023, after counsel left for the day. Defendants proffer that while Plaintiff cc'd Defendant on correspondence with the Court at 1:00 a.m. on December 16, 2023, and attached points and authorities, the document did not contain any notice of motion, any statement of undisputed facts, or evidence. Thus, Defendants proffer Plaintiff misleads the Court when Plaintiff proffers that Defendants were served with the full motion and supporting documents, as such was not served until 11:07 a.m. on December 20, 2023.

20  Based on the reasons expressed in the Plaintiff's Motion, as addressed in opposition, the Court finds Plaintiff's Motion is procedurally defective, and further contains no factual or legal basis to support granting. See L.R. 134(c)(3); Fed. R. Civ. P. 6, 16; Johnson, 975 F.2d at 609; Pioneer, 507 U.S. at 395.

24  ///
25  ///
26  ///
27  ///
28  ///

1     Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to deem the motion for summary judgment timely filed (ECF No. 67) is DENIED.

IT IS SO ORDERED.

Dated:   **December 22, 2023**

UNITED STATES MAGISTRATE JUDGE